IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ISRIAL RODRIGUEZ, | ) |
| Petitioner, | ) |
| v. | ) Civ. No. 04-1377-SLR |
| THOMAS CARROLL, Warden, and M. JANE BRADY, Attorney General for the State of Delaware, | ) |
| Respondents. | ) |

Isrial Rodriguez.  Pro se petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

Dated: November 9, 2005
Wilmington, Delaware

**ROBINSON, Chief Judge**

## I. INTRODUCTION

Currently before the court is petitioner Isrial Rodriguez's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) He is currently incarcerated in the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In August 2000, a Superior Court jury convicted petitioner of first degree assault (11 Del. C. Ann. § 613(a)(1)). The conviction stemmed from his brutal and unprovoked attack on a legally blind man who was waiting for a bus in downtown Wilmington, Delaware. The Superior Court sentenced petitioner to ten years at Level V, suspended after five years for decreasing levels of probation. Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentence. Rodriguez v. State, 781 A.2d 695 (Table), 2001 WL 339634 (Del. Mar. 30, 2001).

On December 30, 2002, petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). His Rule 61 motion alleged two grounds for relief: 1) the prosecutor's misconduct deprived him of a fair and impartial trial; and 2) his defense

1

counsel provided ineffective assistance by failing to subpoena a witness, challenge the affidavit of probable cause, and object to the prosecutor's improper and inflammatory remarks. (D.I. 12, State's App. in Rodriguez v. Delaware, No. 508,2003, Exh. B-03) The Superior Court denied the motion. State v. Rodriguez, ID#9911002149, Order (Del. Super. Ct. Sept. 10, 2003). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. Rodriguez v. State, 2004 WL 1656506, at **1 (Del. Super. Ct. July 19, 2004).

Petitioner's pending federal habeas application asserts three claims regarding his defense counsel's ineffective assistance and one claim alleging prosecutorial misconduct due to remarks made in the closing argument. (D.I. 2)

The State asks the court to dismiss petitioner's § 2254 application as untimely. (D.I. 9)

### III. DISCUSSION

#### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations

2

period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated September 7, 2004, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. He does not allege, nor can the court discern, any facts triggering the application of §§ 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton,

3

195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's conviction and sentence on March 30, 2001. Petitioner's conviction became final ninety days later, on June 28, 2001, because he did not apply for certiorari review. See Kapral, 166 F.3d at 575, 578 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by June 28, 2002. See Wilson v. Beard, - F.3d -, 2005 WL 2559716 (3d Cir. Oct. 13, 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on September 7, 2004,[1] more than two years too late. Therefore, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

**B. Statutory Tolling**

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

---

[1] A pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Petitioner's application is dated September 7, 2004 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

4

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). However, even if a state post-conviction motion is properly filed under state procedural rules, it will not toll AEDPA's limitations period if the state post-conviction motion is filed and pending after the limitations period has expired. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)("the state habeas petition had no effect on tolling [because AEDPA's] limitations period had already run when it was filed"); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Here, when petitioner filed his Rule 61 motion on December 30, 2002, AEDPA's limitations period had already expired in June 2002. Thus, his Rule 61 motion has no tolling effect.

### C. Equitable Tolling

It is well-settled that a federal court may, in its discretion, equitably toll AEDPA's limitations period. Miller v.

5

New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). Courts are to "sparingly" apply equitable tolling, and "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

    (1) where the defendant actively misled the plaintiff;
    (2) where the plaintiff was in some extraordinary way
    prevented from asserting his rights; or
    (3) where the plaintiff timely asserted his rights
    mistakenly in the wrong forum.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner has not alleged, and the record does not reveal, that extraordinary circumstances prevented him from timely filing the instant application. To the extent petitioner made a mistake

6

or miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Therefore, the court concludes that the application of the equitable tolling doctrine is not warranted in this case.

Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain

7

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

### V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.